O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
Link #11

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7072 PSG (PJWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Dolores Randell v. Target Corporation *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                             Not Present

**Proceedings:**     (In Chambers) Order Denying Defendant's Application to Permit Filing of Trade Secret Information Under Seal and Remanding Case

I.   Background

On August 28, 2009, Plaintiff Dolores Randell ("Plaintiff") filed this action in California state court. Subsequently, on September 29, 2009, Target Corporation ("Defendant") timely removed this action to this Court on the basis of diversity jurisdiction.

After reviewing the Notice of Removal, the Court concluded that the jurisdictional allegations were defective because Defendant failed to offer adequate facts to support the assertion that the principal place of business ("PPOB") stated in the notice was in fact Defendant's PPOB. Defendant also failed to assert that the amount in controversy exceed $75,000, exclusive of interest and costs. Accordingly, on October 1, 2009, the Court issued an Order to Show Cause re Remand to State Court ("OSC"), in which it directed Defendant to show cause in writing no later than October 22, 2009, why this action should not be remanded for the reasons noted above. Defendant responded to the OSC on October 21, 2009, the day before a response was due, and included an application to file supporting documents under seal.

II.   Legal Standard

Rule 26(c) of the Federal Rules of Civil Procedure provides that a trial court may grant a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The relevant

|  | O |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6<br>Link #11 |

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7072 PSG (PJWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Dolores Randell v. Target Corporation *et al.* | | |

standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (alteration in original).

III.   Discussion

　　　Defendant wishes to seal three documents containing employment, sales, and assets statistics, as well as the Declaration of Benjamin R. Trachtman that relies heavily upon those statistics. This information, according to Defendant, constitutes a valuable trade secret and, if made known to Defendant's competition, could be used by the competition to focus their business attention on a state-by-state basis to Defendant's detriment.

　　　As the Ninth Circuit noted in *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992), in determining whether a protective order for trade secrets is appropriate, courts must balance conflicting interests:

> On the one hand, parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1)—an intentionally broad mandate. On the other hand, responding parties are entitled to protection from "undue burden" in discovery, including protection from misuse of trade secrets by competitors. Fed. R. Civ. P. 26(c).

*Id.* at 1470. Thus, courts must employ "a balancing test" to resolve protective order disputes. *See id.* In this instance, the Court must balance the risk to Defendant of inadvertent disclosure of trade secrets to competitors against the risk to Plaintiff that protection of Defendant's trade secrets impairs prosecution of her claims. *See id.*

　　　In its response, Defendant attempts to paint a picture wherein Plaintiff has no interest in this issue at all. In fact, Defendant goes so far as to argue that the "only entity that needs access to this information is this Court." *Appl.* 3:4-4. But this is simply not true. Plaintiff undoubtedly has an interest in this matter. First, Plaintiff's choice of forum is entitled to deference. Often, where one litigates a case is a matter of utmost importance; it is not a simple decision made without care or reason. Thus, contrary to Defendant's arguments, this is not an issue that Plaintiff will always concede. More importantly, for obvious reasons, Plaintiff has a definite

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
Link #11

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7072 PSG (PJWx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Dolores Randell v. Target Corporation *et al.* | | |

interest in ensuring that her case is prosecuted in a forum that has subject matter jurisdiction over the case.

Just as Defendant has done an insufficient job of demonstrating Plaintiff's absence of an interest in this matter, so too has Defendant done an insufficient job of demonstrating that it has much at risk if this information is disclosed to competitors. Defendant's arguments rest on a faulty premise, namely that it has not made this information known to the public in the form needed. Recently, however, this Court had occasion to analyze the statistics at issue here in another action in which Defendant was a party. *See Diaz v. Target Corp.*, CV 09-3477 PSG (SSx) (Dkt. #24). However, in that action, those statistics were not filed under seal. Thus, Defendant cannot argue that the statistics at issue are highly sensitive, when it disclosed the same information publically in a different case. Therefore, the Court denies Defendant's Application to Permit Filing of Trade Secret Information Under Seal. Absent any statistics upon which to base its jurisdictional decision, the Court remands the case to state court.

IV.     Conclusion

Based on the foregoing, the Court finds that Defendant has not adequately demonstrated that it is proper to file its documents under seal. Accordingly, the Court DENIES Defendant's Application to Permit Filing of Trade Secret Information Under Seal. Furthermore, absent any supporting documentation, the Court REMANDS this matter.

**IT IS SO ORDERED.**